Corse the son-in-law of the testator was an applicant for a discharge from his debts under the provisions of the bankrupt law. The notes in question were made by the defendant's testator in pursuance of an agreement with the plaintiffs who were creditors of Corse that they should withdraw all opposition to the proceeding. If the bankrupt were entitled to his discharge the maintenance of such a contract by the court would have a direct tendency to encourage a factious opposition which the creditor knew to be groundless with a view to coerce a composition. This would operate oppressively upon the debtor. Opposition under such circumstances and with such motives would be dishonorable and no man should be permitted to exact a bribe for being honest. We must assume in this case that the bankrupt was ignorant of the bargain made for his benefit. But by upholding the agreement we establish a principle which invites collusion between the bankrupt and opposing creditors through the instrumentality of friends to the prejudice of others having claims upon his estate.
If the bankrupt were not entitled to his discharge in consequence of fraud or the commission of any other act which the law prohibits, the result upon the contract would be the same. *Page 185 
The discontinuance of a well founded opposition under such circumstances for hire does not differ much in principle from compounding a felony. The whole purpose of the parties to the agreement would be to give the bankrupt a benefit designed for the honest insolvent and which the fraudulent debtor by sound justice and express provisions of the statute was prohibited from receiving. It is true that the opposing creditor may discontinue his opposition or dispose of his demand at pleasure. Of this other creditors are aware and must take the risk. But neither they nor courts of justice are called upon to foresee and guard against a secret arrangement the fruits of which are made contingent upon the obtaining of the discharge by the bankrupt which will enlist the interest and is calculated to secure the action of the contestant in favor of the insolvent, whether his object is honestly to comply with the law or to cheat and defraud his creditors.
I think that the agreement in which these notes originated is opposed to the whole policy of the bankrupt act and is consequently illegal and void.
Ruggles, Ch. J., and Edmonds, Watson and Wells, Js., concurred.
Johnson, J., dissented but delivered no opinion. Gridley, J., was absent.
Judgment reversed and new trial ordered. *Page 186